■ In the Matter of NOSTRA REALTY CORP., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. SUZAN CARR et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent.—Judgment, Supreme Court, New York County (Alfred Ascione, J.), entered on September 29, 1987, unanimously affirmed, for reasons stated by Alfred Ascione, J., without costs and without disbursements. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.

■ SAMSUNG ELECTRONICS AMERICA, INC., et al., Respondents, v MATTHEW YIP et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about May 8, 1987, unanimously affirmed, for reasons stated by Beatrice Shainswit, J. (See, Samsung Elecs. Am. v Yip, NYLJ, May 19, 1987, at 13, col 2 [Sup Ct, NY County].) Respondents shall recover of appellants one bill of $250 costs and disbursements of this appeal. Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.

■ 1014 FIFTH AVENUE REALTY CORP., Respondent, v MANHATTAN REALTY COMPANY, Appellant.—Judgment, Supreme Court, New York County (Burton Sherman, J.), entered on July 20, 1988, unanimously affirmed, for reasons stated by Burton Sherman, J., without costs and without disbursements. Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERESA RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Ira Beal, J.), rendered on July 12, 1988, unanimously affirmed..

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW SALVE, Appellant.—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on November 18, 1985, unanimously affirmed.